UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA M. N., | Case No. 26-cv-274 (LMP/EMB) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*;<br>KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;<br>TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;<br>and DAVID EASTERWOOD, *Acting Director*, *St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Patricia M. N. is a native and citizen of Mexico who entered the United States in 2003. *See* ECF No. 1 ¶ 17. Patricia M. N. obtained a U visa as a victim of a crime, and she has maintained her lawful immigration status and work authorization. *Id.* ¶ 18. Patricia M. N. was arrested by immigration officials on or around January 13, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 23, 26, 30. Patricia M. N. alleges that she is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates her detention. *See id.* ¶ 53. Patricia M. N. alleges that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 58.

This Court has concluded that noncitizens similarly situated to Patricia M. N. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to

a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Patricia M. N. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to conduct a bond hearing. *See* ECF No. 1 at 18.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Tuesday, January 20, 2026, certifying the true cause and proper duration of Patricia M. N.'s confinement and showing cause why the writ should not issue in this case.

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Patricia M. N.'s detention in light of the issues raised in her Petition;

    b. A reasoned memorandum of law and fact explaining the Government's legal position on Patricia M. N.'s claims;

    c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

    d.    A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*

3. If Patricia M. N. intends to file a reply to the Government's answer, she must do so on or before Friday, January 23, 2026.[1]

4. No further submissions from either party will be permitted except as authorized by Court order.

5. The Government is **ORDERED** to provide notice to Patricia M. N. and this Court of its intention to move Patricia M. N. outside this District no less than 72 hours before any such movement is to be effectuated.

6. The Government is **ORDERED** not to Patricia M. N. from the United States during the pendency of these proceedings.

Dated: January 14, 2026  
Time: 12:41 p.m.

*s/Laura M. Provinzino*  
Laura M. Provinzino  
United States District Judge

---

[1] The Court reserves the right to grant Patricia M. N.'s petition before Patricia M. N. files her reply brief if the Government's response plainly demonstrates that Patricia M. N. is entitled to relief.