# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA M. N., | Case No. 26-cv-274 (LMP/EMB) |
| Petitioner, | |
| v. | ORDER DISMISSING HABEAS PETITION |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director*, *St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Patricia M. N., *pro se.*

Matthew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Patricia M. N. is a native and citizen of Mexico who entered the United States in 2003. *See* ECF No. 1 ¶ 17. Patricia M. N. obtained a U visa as a victim of a crime, and she has maintained her lawful immigration status and work authorization. *Id.* ¶ 18. Other than traffic violations, Patricia M. N. has remained law-abiding while living in the United States. *Id.* ¶ 22. She lives with her husband, young sons, and her brother-in-law. *Id.* ¶ 19. She is an active participant in her community, attending church, providing community meals, and hosting religious events. *Id.* ¶ 20.

Patricia M. N. was arrested by immigration officials on or around January 13, 2026. *See id.* ¶¶ 23, 26, 30. That same day, Patricia M. N. filed a petition for a writ of habeas

corpus, seeking her release from custody. *See id.* ¶ 68. The Court ordered the Government to respond to the petition. ECF No. 2. The Government timely responded and represents that Patricia M. N. was released from immigration custody on or about January 20, 2026. ECF No. 6 at 1. The Government argues that the petition is now moot and should be dismissed. *See id.* at 1–5.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). As a general rule, a habeas petition seeking a petitioner's release becomes moot if the petitioner is released from custody during the pendency of the habeas proceedings. *See Lesum v. Sessions*, No. 18-cv-1340 (JRT/BRT), 2018 WL 5303878, at *1 (D. Minn. Oct. 5, 2018), *report and recommendation adopted*, 2018 WL 5303042 (D. Minn. Oct. 25, 2018). Here, Patricia M. N.'s petition sought her release, ECF No. 1 ¶ 68, a remedy which has now been afforded to her. And although exceptions to the mootness doctrine exist in the habeas context, *see Mohamed v. Lynch*, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, at *3 (D. Minn. Jan. 26, 2016), *report and recommendation adopted*, 2016 WL 593512 (D. Minn. Feb. 12, 2016), no party asserts that the exceptions apply in this case. Accordingly, Patricia M. N.'s petition is now moot and must be dismissed. *See Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) ("When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.").

**ORDER**

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Patricia M. N.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 29, 2026                         *s/Laura M. Provinzino*
                                                Laura M. Provinzino
                                                United States District Judge